IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL A. HACKETT, III, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 09-163 |
| | ) | |
| v. | ) | |
| | ) | |
| EDWARD CUNNINGHAM, the | ) | |
| CITY OF PITTSBURGH, | ) | |
| WILLIAM WHITE, and | ) | |
| NATHAN HARPER, CHIEF OF | ) | |
| POLICE of the CITY OF PITTSBURGH, | ) | |
| in his individual capacity, | ) | |
| | ) | **A JURY TRIAL IS DEMANDED** |
| Defendants. | ) | |

## AMENDED COMPLAINT IN CIVIL ACTION

**INTRODUCTION**

1. This action is brought on behalf of Daniel A. Hackett, III, arising from events that occurred on March 15, 2008, when Mr. Hackett made a critical remark about the Pittsburgh police which was heard by defendant Cunningham, who then, without probable cause and/or any reason to believe that Mr. Hackett had committed a crime, assaulted Hackett, arrested him, and falsely charged him with criminal offenses of resisting arrest and disorderly conduct, these actions in retaliation for Mr. Hackett's protected first amendment speech.  This lawsuit contends that defendant Cunningham's conduct was not an isolated incident, but reflects a pervasive custom, practice and/or policy of City of Pittsburgh police officers to improperly use their police authority and powers to retaliate against citizens on account of protected first amendment speech which is offensive to and/or critical of the police.  This action contends that Mr. Hackett's fourth amendment rights to be free from unreasonable searches and seizures,

excessive force, and the filing of false and malicious prosecutions was violated as well as his first amendment right to be free from retaliatory conduct on account of protected speech. The violation of Mr. Hackett's first and fourth amendment rights are made actionable against the defendants pursuant to the Civil Rights Act of 1871, as amended 42 U.S.C. §1983.

## JURISDICTION

2. This court has jurisdiction over the plaintiff's claims against the above-referenced defendants pursuant to 28 U.S.C. §1343 and/or 28 U.S.C. §1331.

## PARTIES

3. Plaintiff Daniel Hackett is an adult individual residing in Pittsburgh, Pennsylvania.

4. The City of Pittsburgh is a municipality within the Commonwealth of Pennsylvania, with a principal place of business located at 414 Grant Street, Pittsburgh, Pennsylvania 15219, which at all times relevant hereto, was authorized to and did operate and maintain a police department. Defendant City of Pittsburgh was acting by and through its duly authorized agents, employees and/or assigns, who were then and there acting within the course and scope of their employment and under the color of state law.

5. Defendant Edward Cunningham, is an adult individual residing in the City of Pittsburgh, who at all times relevant hereto, was employed as a City of Pittsburgh police officer and who with respect to the events alleged herein, was acting under the color of state law and in accordance with the custom, practices and/or policies of the City of Pittsburgh.

6. Defendant Officer William White, is an adult individual residing in the City of Pittsburgh, who at all times relevant hereto, was employed as a City of Pittsburgh police officer and who with respect to the events alleged herein, was acting under the color of state law and in accordance with the custom, practices and/or policies of the City of Pittsburgh.  This defendant participated in the false arrest, use of excessive force, and/or the filing of false criminal charges which defendant Cunningham perpetrated against the plaintiff as set forth herein at paragraphs 14-17 and/or failed to intervene to stop defendant Cunningham's unconstitutional conduct as herein described, even though he was aware of such conduct, and had the opportunity to intervene and stop it.

7. Defendant Nathan Harper, is the Chief of Police of the City of Pittsburgh Police Department.  He is sued in his individual capacity.  This defendant, at all times relevant hereto, had the day-to-day responsibility to ensure the City of Pittsburgh police officers were properly trained, supervised, and disciplined, and who also, at all times relevant hereto, had knowledge, and/or was on notice, that City of Pittsburgh police officers had used their official powers and authority to retaliate against citizens on account of protected first amendment speech, including false arrests, the use of excessive and unnecessary force, and the filing of false and malicious criminal charges. Despite such knowledge, this defendant failed to take action to stop and/or curtail such conduct and/or otherwise acquiesced in such custom, practice or policy.

**FACTUAL ALLEGATIONS**

8. On March 15, 2008, plaintiff Hackett received a traffic citation for allegedly failing to use a left turn signal when making a left turn from Sarah Street onto 17th Street in the South Side area of Pittsburgh.

9. After Mr. Hackett had parked his vehicle, and while walking to his destination, he observed an individual publicly urinating on a building and was nearly hit by a vehicle that had run a red light.

10. In the immediate vicinity of these events, was a City of Pittsburgh patrol car in which defendant Cunningham was a passenger. As Mr. Hackett passed the vehicle he stated words to the effect that "look there is a red light runner and there's a guy pissing on a building and I get a ticket for not using my turn signal."

11. After Mr. Hackett made the statement to the police, he proceeded to enter a nearby convenience store where, without warning he was suddenly grabbed from behind by defendant Cunningham, spinning Mr. Hackett around and demanding that he produce identification.

12. Mr. Hackett complied with the request for his identification and when he asked what this was all about, he was then forcibly moved to the front of the store where defendant Cunningham drew his taser gun and pointed it at Mr. Hackett.

13. Mr. Hackett was then forcibly moved to the outside of the store where he was surrounded by several other City of Pittsburgh police officers. When he questioned Officer Cunningham why he was writing a citation and requested that his badge number be placed on the citation, he was suddenly, without warning, and without any reasonable basis for doing so, tasered several times causing him to collapse to the sidewalk.

14. After Mr. Hackett was tasered and collapsed to the ground, an unidentified police officer with substantial and unnecessary force thrust his knee into Mr. Hackett's back handcuffing him while he lay on the ground. He was also tasered several times while on the ground.

15. After Mr. Hackett was handcuffed, he was lifted from the ground and thrown face first into the entranceway door to the convenience store where he had been moments before.

16. During the course of the arrest, Officer Cunningham was overheard stating about Mr. Hackett that "this guy is from Upper St. Clair and he thinks that he is better than us".

17. Mr. Hackett was then transported to UPMC South Side Hospital for treatment of injuries sustained from being tasered and then transported to the Allegheny County Jail where he was incarcerated until approximately 3:00 p.m. the following day.

18. Prior to the above described events, Mr. Hackett had never been arrested, and/or charged with a criminal offense.

19. At all times relevant hereto, defendant Cunningham did not have probable cause and/or a reasonable basis to arrest and/or charge the plaintiff with disorderly conduct or resisting arrest.

20. Mr. Hackett was acquitted of the criminal charges brought against him by defendant Cunningham on the 4th day of December, 2008.

21. At all times relevant hereto, the defendant Cunningham did not have a reasonable basis to use force against Mr. Hackett, and any force that was used was unreasonable and/or excessive under the circumstances.

22. As a direct result of the defendants' conduct as hereinbefore described, the plaintiff suffered severe embarrassment, humiliation, and emotional distress.

23. As a direct result of the defendants' conduct as hereinbefore described, the plaintiff suffered physical injuries, including muscle strains, bruising and contusions.

24. As a direct result of the defendants' conduct as hereinbefore described, the plaintiff incurred legal expenses to defend against the false and malicious charges filed against him by defendant Cunningham.

25. The defendants' conduct as hereinbefore described violated the plaintiff's rights under the first, fourth and fourteenth amendments to the United States Constitution as made actionable against these defendants pursuant to the Civil Rights Act of 1871, as amended 42 U.S.C. §1983.

WHEREFORE, plaintiff requests this Honorable Court to enter judgment in his favor in a sum in excess of $50,000.00 and to award him compensatory and punitive damages against the individually named defendants and compensatory damages against the City of Pittsburgh, as well as to award him costs and attorney's fees for the prosecution of this litigation, and to award such other relief as this court deems just and equitable under the circumstances.

Respectfully submitted,

/s/ Timothy P. O'Brien
Timothy P. O'Brien, Esquire
PA I.D. #22104
1705 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA 15219

Attorney for plaintiff