## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIEL A. HACKETT, III,       :

                    :      Civil Action No. 09-163
           Plaintiff,    :      JURY TRIAL DEMANDED

                    :
   vs.                :

                    :
EDWARD CUNNINGHAM the    :
CITY OF PITTSBURGH, WILLIAM :
WHITE, and NATHAN HARPER,   :
CHIEF OF POLICE of the CITY OF :
PITTSBURGH, in his individual    :
capacity,                  :
            Defendants.   :

## ANSWER TO AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND CLAIM FOR INDEMNIFICATION FILED BY DEFENDANT, WILLIAM WHITE

And Now, comes the Defendant, William White, by his attorney, Bryan Campbell, Esquire, and files an Answer of which the following is a statement thereof:

1.      Paragraph 1 is termed an introduction, as such no responsive answer is required. To the extent an answer is required, the allegations of paragraph 1 are denied.

Jurisdiction

2.      Admitted.

Parties

3.      Admitted.

4.      Admitted.

5.      Admitted.

6.      Admitted in part.  It is denied that Defendant White participated in a false arrest, the use of excessive force, the filing of false criminal charges or that he failed to intervene to stop any unconstitutional conduct.

7.      Admitted in part.  It is denied that Defendant Harper, failed to take action to stop unconstitutional conduct as set forth in paragraph 7 when any such allegations were brought to his attention.

<u>Factual Allegations</u>

8.      Defendant White is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 8, and therefore denies same.

9.      Defendant White is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 9, and therefore denies same.

10.     Admitted in part.  The quoted part of paragraph 10 is a paraphrasing of Hackett's actual statements.

11.     The allegations of paragraph 11 are denied in that Hackett did not immediately enter said store.  Instead, he engaged in disorderly conduct.  Defendant White is without knowledge as to what took place inside the store, and therefore denies same.

12.     Defendant White is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 12, and therefore denies same.

13.     The allegations of paragraph 13 are denied.

14.     The allegations of paragraph 14 are denied.

15.     The allegations of paragraph 15 are denied.

16.     The allegations of paragraph 16 are denied.

17.     Denied in part.  It is the policy of the Bureau of Police to transport all individuals who are tasered to the hospital whether one is injured or not injured.

18.     Defendant White is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 18, and therefore deny same.

19.    The allegations of Paragraph 19 are denied.  There was probable cause for the Plaintiff's arrest.

20.    Admitted.

21.    The allegations of Paragraph 21 are denied.

22.    Defendant White is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 22, and therefore deny same.

23.    Defendant White is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 23, and therefore deny same.

24.    Defendant White is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 24, and therefore deny same.

25.    The allegations of paragraph 25 are denied.

Wherefore, Defendant White denies that he is indebted to Plaintiff in any sum whatsoever.

<u>Affirmative Defenses</u>

26.    At all times relevant hereto, Officer White acted within the scope of his authority as a police officer and with a reasonable belief that his actions were legal and therefore he is entitled to qualified immunity.

27.    Any force used by Officer White in arresting Plaintiff was reasonable and necessary and therefore is privileged under the terms of §508 Pennsylvania Crimes Code.

28.    There was probable cause for Plaintiff's arrest.

Wherefore, Defendant White denies that he is indebted to Plaintiff in any sum whatsoever.

<u>Indemnification</u>

29.    Defendant, William White, at all times acted within the scope of his employment,

therefore in case a verdict is entered against him, he is entitled to indemnification from

his employer, the City of Pittsburgh, under the provisions of the Political Subdivision

Tort Claims Act, 42 Pa. C.S.A. §8541 et seq. absent a judicial finding that he acted with

actual malice and/or willful misconduct.

Respectfully submitted,


<u>/s/Bryan Campbell, Esquire</u>
Bryan Campbell, Esquire
PA I.D. #15079
330 Grant Street, Suite 2330
Pittsburgh, PA 15219
(412) 642-7667